### *James Woods* v. *Ephraim Hart.*

· BOGERT moved to set aside the inquisition as-sessing very small damages, on account of the sheriff's having permitted a person to remain and converse with the jury, whilst deliberating on their verdict, though known to be inimical to the plaintiff, and rejected as a juror on that account.

*Hoffman*, contra. On inquests, after a default, · confessing a cause of action, there never is the same regularity, as on a trial where the very right is questioned. It is not alleged that the man who remained with the jury spoke adversely of the plaintiff, or used any means to lessen the amount of damages.

*Bogert*, in reply. On an inquisition the law is as jealous of the conduct of jurors as on a trial, 4 *D. & E.* 473.* The oath of the constable is the same, and shows the same conduct is required in one case as the other.

* *Stainton* v. *Bedle.*

KENT, C. J. No one ought to mix with a jury whilst deliberating. They should, to preserve the purity of justice, be kept by themselves, and on this point there is no difference between an inquiry before the sheriff, and a trial. The inquisition must, there-fore, be set aside, each party paying his own costs. We order it thus, because neither party is to blame ; and, were we to direct them to abide the event of the

suit, it would, in fact, as there has been a default, be saying the defendant is to pay them. This case, therefore, is to be distinguished from that of granting a new trial after verdict, for the misbehaviour of the jury. There, each of the litigants has a chance in his favour, and ordering the costs, on such occasion, to abide the event of the suit, does not, necessarily, impose them on either. Here the event is known.